IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


ACUMED LLC, a Delaware limited                    04-CV-0513-BR
liability company,

            Plaintiff,                            OPINION AND ORDER

v.

STRYKER CORPORATION, STRYKER SALES
CORPORATION, STRYKER ORTHOPAEDICS,
and HOWMEDICA OSTEONICS CORP.,

            Defendants.


PETER E. HEUSER
JAMES R. ABNEY
Kolisch Hartwell, P.C.
520 S.W. Yamhill Street, Suite 200
Portland, OR  97204
(503) 224-6655

PAUL VICKREY
ROBERT A. VITALE, JR.
RICHARD B. MEGLEY, JR.
FREDERICK C. LANEY
Niro, Scavone, Haller & Niro
181 West Madison, Suite 4600
Chicago, IL 60602
(312) 236-0733

            Attorneys for Plaintiff


1 - OPINION AND ORDER

**JOHN F. NEUPERT**
Miller Nash LLP
111 S.W. Fifth Avenue, Suite 3400
Portland, OR  97204
(503) 224-5858

**GREGORY J. VOGLER**
**SHARON A. HWANG**
McAndrews, Held & Maloy, LTD.
500 West Madison Street, 34th Floor
Chicago, IL 60661
(312) 775-8000

      Attorneys for Defendants


**BROWN, Judge.**

      This matter comes before the Court on Plaintiff Acumed LLC's Petition for Attorneys' Fees (#203) and Request for Costs (#202).

      For the reasons that follow, the Court **DENIES** Plaintiff's Petition for Attorneys' Fees, but awards **costs** to Plaintiff in the amount of **$30,953.10**.


<u>**PROCEDURAL BACKGROUND**</u>

      In April 2004, Plaintiff brought this action against Defendants for infringement of United States Patent No. 5,472,444 ('444 Patent).  The '444 Patent describes a humeral nail used for the treatment of bone fractures, specifically for the fixation of fractures of the proximal humeral cortex.  Plaintiff manufactures and sells patented humeral nails under the names Polarus and Polarus Plus.  Plaintiff alleged Defendants infringed the '444

2 - OPINION AND ORDER

Patent by manufacturing, using, selling, importing, and offering for sale their T2 Proximal Humeral Nail.

The case was tried to a jury on September 13-20, 2005.  On September 20, 2005, the jury found in favor of Plaintiff.  In response to special verdict questions, the jury found the '444 Patent was valid and that Defendants willfully infringed Claims 1, 3-5, 10, 11, and 14-17 of the '444 Patent.  The jury awarded Plaintiff damages in the form of lost profits in the amount of $419,683.00 and a reasonable royalty in the amount of $39,170.00.

On February 22, 2006, the Court heard oral argument on, among other things, Plaintiff's Motion for Treble Damages and Prejudgment Interest Pursuant to 28 U.S.C. § 284.  On April 17, 2006, the Court issued an Opinion and Order in which it granted in part and denied in part Plaintiff's Motion.  The Court declined to award Plaintiff treble damages, but it awarded Plaintiff a fifty-percent enhancement of the damages awarded by the jury.

On May 2, 2006, Plaintiff filed a Petition for Attorneys' Fees requesting $991,005.00 in attorneys' fees pursuant to 35 U.S.C. § 285.  Defendants objected to these fees for a number of reasons.  The Court granted Plaintiff's request to file a Reply and provided Defendants with an opportunity to file a Surresponse.

## PLAINTIFF'S PETITION FOR ATTORNEYS' FEES

### Standards

35 U.S.C. § 285 provides: "The court in exceptional cases may award reasonable attorney fees to the prevailing party" in a patent case. "The determination of whether a case is exceptional and, thus, eligible for an award of attorney fees under § 285 is a two-step process." *Cybor Corp. v. FAS Tech., Inc.*, 138 F.3d 1448, 1460 (Fed. Cir. 1998)(citation omitted). The court first must determine whether a case is exceptional, which is "a factual determination" reviewed by the Federal Circuit for clear error. *Id.* (citation omitted). If the court determines a case is exceptional, the court "must determine whether attorney fees are appropriate, a determination that [the Federal Circuit would] review for an abuse of discretion." *Id.* (citation omitted). A district court abuses its discretion if "its decision is based on clearly erroneous findings of fact, is based on erroneous interpretations of the law, or is clearly unreasonable, arbitrary or fanciful." *Id.* (citation omitted).

"Findings of exceptional case have been based on a variety of factors; for example, willful or intentional infringement, inequitable conduct before the Patent and Trademark Office, vexatious or unjustified litigation, or other misfeasant behavior." *Multiform Desiccants, Inc. v. Medzam, Ltd.*, 133 F.3d 1473, 1481-82 (Fed. Cir. 1998). If a court declines to award the

4 - OPINION AND ORDER

prevailing party its attorneys' fees, the court must explain why the case is not exceptional within the meaning of § 285. *Modine Mfg. Co. v. Allen Group, Inc.*, 971 F.2d 538, 543 (Fed. Cir. 1990)

## Discussion

Plaintiff argues the Court should find this case is "exceptional" and should award attorneys' fees on the ground that the jury found Defendants willfully infringed the '444 Patent. In addition, the Court, in its Opinion and Order allowing Plaintiff enhanced damages, concluded Defendants deliberately copied Plaintiff's device and that a rational juror could conclude Defendants "set out on a deliberate course to eliminate their competition" (*i.e.*, Plaintiff). Defendants, on the other hand, contend this case is not "exceptional," and, therefore, the Court should not award attorneys' fees to Plaintff.

"A finding of willful infringement does not require a finding that a case is exceptional." *Cybor*, 138 F.3d at 1461.

> Allowance of fees only in exceptional cases is based on the premise that courts should attempt to strike a balance between the interest of the patentee in protecting his statutory rights and the interest of the public in confining such rights to their legal limits.

*S.C. Johnson & Son, Inc. v. Carter-Wallace, Inc.*, 781 F.2d 198, 200 (Fed. Cir. 1986)(quoting *Mach. Corp. of Am. v. Gullfiber AB*, 774 F.2d 467, 471 (Fed. Cir. 1985)).

In addition, "[e]ven an exceptional case does not require in all circumstances the award of attorney fees." *Id.* at 201. *See*

5 - OPINION AND ORDER

*also* *Nat'l Preston Indus., Inc. v. West Bend Co.*, 76 F.3d 1185, 1197 (Fed. Cir. 1996)("the award of attorney fees [on a finding of willful infringement] is not automatic, even for the extraordinary case.").  "The trial judge's discretion in the award of attorney fees permits the judge to weigh intangible as well as tangible factors:  the degree of culpability of the infringer, the closeness of the question, [or] ligation behavior."  *Nat'l Preston Indus.*, 76 F.3d at 1197.

Here the jury found Defendants' infringement was willful, and, in addition, the Court concluded Defendants deliberately copied Plaintiff's device and that a rational juror could conclude Defendants "set out on a deliberate course to eliminate their competition."  Accordingly, the Court concludes this is an "exceptional" case within the meaning of § 285.

In the exercise of its discretion, however, the Court, also concludes an award of attorneys' fees is not appropriate even if this is an exceptional case.  Although the Court awarded Plaintiff enhanced damages under 35 U.S.C. § 284, the Court's evaluation under § 285 differs from its analysis under § 284; *i.e.*, the Court may reach different conclusions on the issues of enhanced damages and attorneys' fees.  *See S.C. Johnson*, 781 F.2d at 201-02.

As the Court concluded in its decision on enhanced damages:

> [T]he issues of infringement and willfulness [in this case] presented classic jury questions.  The

>       evidence did not overwhelmingly favor either side,
>       and the jury could have rejected Acumed's claims.
>       In other words, this was a close case on many
>       issues, including the willfulness of Defendants'
>       infringement.
>
>       Accordingly, the Court finds enhancement of
>       damages based on this factor would result in
>       punishing Defendants for going to trial and
>       seeking to prove legitimate defenses.  The Court
>       concludes, therefore, this factor weighs against
>       enhancement of damages.

When "the evidence of willful infringement is 'sufficient but weak,' a court may be justified in not awarding attorney fees." *Atmel Corp. v. Silicon Storage Tech., Inc.*, 202 F. Supp. 2d 1096, 1108 (N.D. Cal. 2002)(citing *Cybor*, 138 F.3d at 1460).

Here the issue of willfulness was a close one.  In addition, the Court was not persuaded Defendants' conduct during litigation was in bad faith, and the Court remains unpersuaded that Defendants' conduct during litigation was sufficiently egregious to warrant an award of attorneys' fees.  Defendants in this matter may have been stubborn and unsuccessful, but, considering the totality of the circumstances and in the exercise of its discretion, the Court concludes attorneys' fees are not appropriate in this case.  Accordingly, the Court denies Plaintiff's Petition for Attorneys' Fees.


## **PLAINTIFF'S PETITION FOR COSTS**

### **Standards**

Absent a showing of circumstances not relevant here, an

7 - OPINION AND ORDER

award of costs generally is governed by federal law.  *See In re Merrill Lynch Relocation Mgt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th Cir. 1987)(dictum).  Accordingly, the Court finds federal law governs the award of costs in this case.

28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1).  Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the  following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3)Fees and disbursements for printing and witnesses;
> (4)Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5)Docket fees under section 1923 of this title;
> (6)Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

The court has broad discretion to allow or to disallow a prevailing party to recoup costs of litigation.  The court, however, may not tax costs beyond those authorized by § 1920.  *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995).

## Discussion

Plaintiff seeks costs in the amount of $55,456.19 for items

8 - OPINION AND ORDER

such as copying costs, deposition transcripts, deposition videos, court reporter fees, service fees, filing fees, and the cost of demonstrative exhibits. Defendants object to many of Plaintiff's requested costs.[1]

## I. Copying Costs

Defendants object to Plaintiff's request for $20,029.97 in copying costs on the ground that Plaintiff has not established any of its copying costs were reasonably necessary.

Section 1920 does not contemplate an award of costs incurred for in-house copying expenses. See *Frederick v. City of Portland*, 162 F.R.D. 139, 142 (D. Or. 1995)("[T]he balance of defendants' request [for costs] is inappropriate as it represents costs associated with the in-house photocopying of defense counsel."). *See also Voight v. Subaru-Isuzu Automotive, Inc.*, 141 F.R.D. 99, 103 (N.D. Ill. 1992)("Photocopying charges attributable to discovery and the court's copies of pleading, motions and memoranda are 'reasonably necessary for use in the case' and can be awarded. However, extra copies of file papers and correspondence, and copies of cases are not necessary, but are for the convenience of the attorneys and are therefore not taxable.").

Extra copies of documents for deposition and witness

---

[1] A summary of the disallowed costs is attached as Exhibit 1 to this Opinion and Order.

9 - OPINION AND ORDER

preparation are in-house copies made for the convenience of the attorneys and, therefore, these costs are not taxable.  In contrast, "charges for exhibits and documents submitted to the court in support of motions, as well as copies of pleadings, motions and memoranda provided to the court are . . . recoverable." *Grady v. Bunzl Packaging Supply Co.,* 161 F.R.D. 477, 479 (N.D. Ga. 1995).

Plaintiff did not provide sufficient descriptions of its copying costs to enable the Court to determine whether Plaintiff's costs are for copies made for distribution to the Court, copies made to exchange with Plaintiff, or copies made for third parties.  The Court, therefore, is unable to determine whether copying costs are allowable under § 1920.  Accordingly, the Court declines to award copying costs to Plaintiff.

## II.  Deposition Costs

Defendants object to five categories of Plaintiff's requested deposition costs:  videotaping services, condensed transcripts and/or ASCII transcripts, Realtime transcript services, multiple copies of transcripts, and shipping/delivery handling services.

### A.  Videotaping Services

Defendants object to Plaintiff's request for $7,250.03 for videotaped deposition services on the grounds that these video depositions were not used at trial and the standard

10 - OPINION AND ORDER

transcript copies were available.

Costs related to depositions are generally available to the prevailing party. *Wash. State Dep't of Transp. v. Wash. Natural Gas Co.*, 59 F.3d 793, 806 (9th Cir. 1995). Fees incurred for obtaining deposition transcripts may be recovered under 28 U.S.C. § 1920(2). *Ass'n of Flight Attendants, AFL CIO v. Horizon Air Indus., Inc.*, 976 F.2d 541, 551 (9th Cir. 1992). A deposition need not be absolutely indispensable to justify an award of costs, but it must be "reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary disposition." *Frederick*, 162 F.R.D. at 143.

There is not any evidence that these videotaped depositions were unnecessary at the time they were taken. Accordingly, the Court awards Plaintiff $7,250.03 for these costs.

**B.    Condensed Transcripts and/or ASCII Transcripts**

Plaintiff contends it did not include any condensed deposition fees or ASCII disc charges in its Petition. As Defendants note, however, it appears Plaintiff included charges in the amount of $65.00.

Based on Plaintiff's representation in its Petition, the Court assumes Plaintiff did not intend to include these costs and declines to award Plaintiff $65.00 for these costs.

11 - OPINION AND ORDER

**C.    Realtime Transcript Services**

Defendants object to Plaintiff's request for $984.75 for "Realtime feed rough draft transcript[s]" for three depositions.

Section 1920(2) provides for the taxation of fees of the "court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case." Courts have considered several factors when determining whether to allow recovery of the cost of daily transcripts:

> (1) the length of the trial and the complexity of the issues, (2) whether a daily transcript was necessary to minimize disagreement over the testimony of witnesses, (3) whether proposed findings of fact were required, (4) whether the case involved expert witnesses whose cross-examination required knowledge of the exact wording of their previous testimony or that of any other witness, (5) the size of the claim, and (5)[*sic*] the importance of witness credibility.

*Ernst v. Anderson*, No. 02 C 4884, 2006 WL 163024, at *2 (N.D. Ill. Jan. 18, 2006). These factors carry less weight in the context of depositions than in the context of a trial where time is tight and resources are often stretched thin. Although this case was complicated, involved expert witnesses, and included large claims, the Realtime transcript costs are for deposition transcripts rather than trial transcripts. There is not any evidence that Plaintiffs were so pressed for time that the immediacy of these transcripts was reasonably necessary nor that the standard form of deposition transcripts would have been

12 - OPINION AND ORDER

unsuitable.

Accordingly, the Court declines to award Plaintiff $984.75 for Realtime deposition transcripts.

### D.   Multiple Copies of Transcripts

Defendants object to Plaintiff's request for $349.62 for six additional copies of the Huebner deposition transcript. It is unclear why Plaintiff needed six additional copies of this deposition. Accordingly, the Court declines to award Plaintiff $349.62 for the additional copies of the Huebner deposition.

### E.   Shipping and Delivery Costs

Defendants object to Plaintiff's request for $211.00 for costs of "delivery/shipping and handling" services. Section 1920 does not provide for an award of costs for shipping or delivery-handling services. *See Frederick*, 162 F.R.D. at 146 (delivery charges "are not mentioned in § 1920 and are routinely excluded as taxable costs.").

Accordingly, the Court declines to award Plaintiff $211.00 for delivery/shipping and handling services.

## III. Demonstrative Exhibits

Defendants object in part to Plaintiff's request for $4,629.25 for "[c]olor charts and copies of exhibits used during *Markman* hearing, including enlarged boards." Specifically, Defendants object to $2,293.75 for designing the charts and copies and $569.00 for overnight shipping of the demonstrative

13 - OPINION AND ORDER

exhibits.

Section 1920 does not contain any provision allowing costs for designing demonstrative exhibits to be shifted from the prevailing party.  Accordingly, the Court declines to award Plaintiff $2,293.75 for the design of demonstrative exhibits.

As noted, delivery charges "are not mentioned in § 1920 and are routinely excluded as taxable costs." *Frederick*, 162 F.R.D. at 146.  In addition, Plaintiff does not provide any explanation as to the reason the exhibits had to be shipped overnight. Accordingly, the Court declines to award Plaintiff $569.00 for overnight shipping of the demonstrative exhibits.

<u>CONCLUSION</u>

For these reasons, the Court **DENIES** Plaintiff's Petition for Attorneys' Fees (#203) and **AWARDS** costs to Plaintiff in the amount of **$30,953.10**.

IT IS SO ORDERED.

DATED this 12th day of September, 2006.

/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

14 - OPINION AND ORDER