```
                 IN THE UNITED STATES DISTRICT COURT

                       FOR THE DISTRICT OF OREGON


ACUMED LLC,                                    04-CV-513-BR

          Plaintiff,                           OPINION AND ORDER
v.

STRYKER CORPORATION,
STRYKER SALES CORPORATION,
STRYKER ORTHOPAEDICS, and
HOWMEDICA OSTEONICS CORPORATION,

          Defendants.


JAMES R. ABNEY
PETER E. HEUSER
Kolisch Hartwell, PC
200 Pacific Building
520 S.W. Yamhill Street
Portland, OR 97204
(503) 224-6655

PAUL K. VICKREY
ROBERT A. VITALE, JR.
RICHARD B. MEAGLEY, JR.
FREDERICK C. LANEY
Niro, Scavone, Haller & Niro
181 W. Madison
Suite 4600
Chicago, IL 60602-4515
(312) 236-0733

          Attorneys for Plaintiff


1 - OPINION AND ORDER
```

**GREGORY J. VOGLER**
**SHARON A. HWANG**
McAndrews, Held & Malloy
500 W. Madison
34th Floor
Chicago, IL 60661
(312) 775-8000

**JOHN F. NEUPERT**
Miller Nash LLP
111 S.W. Fifth Avenue
Suite 3400
Portland, OR 97204
(503) 224-5858

      Attorneys for Defendants

**BROWN, Judge.**

      This matter comes before the Court on Defendants' Motion for Stay of Injunctive Relief Pending Appeal (#259). For the reasons that follow, the Court **DENIES** Defendants' Motion.

### BACKGROUND

      In April 2004, Plaintiff Acumed LLC brought this action against Defendants Stryker Corporation, Stryker Sales Corporation, Stryker Orthopaedics, and Howmedica Osteonics Corporation for infringement of United States Patent No. 5,472,444 ('444 Patent). The '444 Patent describes a humeral nail used for the treatment of bone fractures, specifically for the fixation of fractures of the proximal humeral cortex. Acumed manufactures and sells patented humeral nails (PHN) under the names Polarus and Polarus Plus. Acumed alleged Defendants

2 - OPINION AND ORDER

infringed the '444 Patent by manufacturing, using, selling, importing, and offering for sale their T2 Proximal Humeral Nail (T2 PHN).

The case was tried to a jury on September 13-20, 2005. On September 20, 2005, the jury found in favor of Acumed. In response to special verdict questions, the jury found (1) the '444 Patent was valid; (2) Defendants willfully infringed Claims 1, 3-5, 10, 11, and 14-17 of the '444 Patent; (3) Acumed was entitled to lost profits on 60% of Defendants' sales; and (4) Acumed was entitled to reasonable royalty damages in the amount of $39,170.00. The jury also awarded Acumed damages for lost profits in the amount of $419,683.00.

At a hearing on February 22, 2006, the Court granted Acumed's Motion for Permanent Injunction, denied Defendants' Motion for Stay of Injunctive Relief Pending Appeal, and denied Defendants' Motion for Judgment as a Matter of Law or a New Trial on the Issues of Infringement, Willfulness, and Lost Profits.

On April 17, 2006, the Court issued an Opinion and Order in which it granted in part and denied in part Acumed's Motion for Treble Damages and Prejudgment Interest Pursuant to 28 U.S.C. § 284. Specifically, the Court awarded Acumed a fifty-percent enhancement of the damages determined by the jury for a total of $688,280 and prejudgment interest in the amount of $20,517. On April 21, 2007, the Court entered a Judgment in Acumed's favor.

3 - OPINION AND ORDER

Defendants appealed.

On April 12, 2007, the Federal Circuit affirmed in part, vacated in part, and remanded the matter to this Court. Specifically, the Federal Circuit affirmed the Court's findings of infringement and willfulness, but vacated the Court's decision to enter a permanent injunction. The Federal Circuit remanded the injunction issue to this Court for reconsideration in light of the Supreme Court's intervening decision in *eBay Inc. v. MercExchange, LLC*, 126 S. Ct. 1837 (2006). On November 13, 2007, the United States Supreme Court denied Defendants' Petition for Certiorari as to the Federal Circuit's April 12, 2007, Order.

On June 14, 2007, Acumed filed a Motion for Permanent Injunction in which it sought an order enjoining Defendants from selling the T2 PHN. On July 10, 2007, Acumed also filed a Motion for Enhancement of Damages in which it sought enhanced damages for Defendants' post-verdict infringement. On July 27, 2007, Defendants filed a Motion to Strike New Facts and Argument regarding certain facts and arguments contained in Acumed's Reply related to its Motion for Permanent Injunction.

On November 20, 2007, the Court entered an Opinion and Order denying Defendants' Motion to Strike New Facts and Arguments, granting Plaintiff's Motion for Entry of Permanent Injunction, and denying Plaintiff's Motion for Enhancement of Damages.

On November 23, 2007, Defendants filed a Motion to Stay

4 - OPINION AND ORDER

Injunctive Relief Pending Appeal.

### STANDARDS

A court may stay an injunction pending appeal pursuant to Federal Rule of Civil Procedure 62(c), which provides in pertinent part:

> When an appeal is taken from [a] . . . final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.

The Federal Circuit has indicated a court must consider four factors when deciding whether to stay injunctive relief pending appeal:

> "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

*Arthrocare Corp. v. Smith & Nephew, Inc.*, 315 F. Supp. 2d 615, 619 (D. Del. 2004)(quoting *Standard Havens Prods. v. Gencor Indus.*, 897 F.2d 511, 512 (Fed. Cir. 1990)).

### DISCUSSION

In their Motion, Defendants reiterate the arguments they have made numerous times; for example, in their October 2005

5 - OPINION AND ORDER

Motion to Stay Injunctive Relief Pending Appeal and in their July 2007 Memorandum in Opposition to Motion for Permanent Injunction. Although the Court previously has rejected these arguments, the Court again will address them in the context of Defendants' pending Motion to Stay.

**I.    Irreparable Harm to Defendants and Public Interest**

Defendants contend they will be irreparably harmed if the Court does not stay the permanent injunction entered in this matter pending appeal. In addition, Defendants assert the public interest lies in the Court granting a stay because Defendants' customers have become accustomed to "the security and safety of a proximal humeral nail that does not expose patients to the risks associated with screw back-out."

The parties have thoroughly litigated the issue of the alleged screw back-out problems with Plaintiff's product both at trial and in post-trial motions. The Court has concluded there is not sufficient objective evidence of any public-health issue with Plaintiff's product in the form of screw back-out problems to establish that the public interest would be served by staying the permanent injunction in this matter. As the Court has noted in previous opinions, physicians who do not wish to use Plaintiff's product can choose a noninfringing alternative.

Accordingly, the Court concludes Defendants have not established that they will be irreparably injured if the Court

6 - OPINION AND ORDER

does not stay the injunction nor that the public interest would be served by granting the stay.

## II. Plaintiff Would Be Substantially Harmed by a Stay

Defendants contend Plaintiff would not be harmed if the permanent injunction was stayed in this matter in light of the fact that Plaintiff has licensed the '444 Patent to Smith & Nephew and Zimmer, and, in any event, any harm to Plaintiff's is compensable by money damages.  In addition, Defendants would continue to deposit royalties into an escrow account for each of their infringing products sold.

The Court did not find Defendants' arguments regarding licensing and money damages persuasive with respect to their request that the Court grant a permanent injunction in this case, and the Court does not find these arguments persuasive now in the context of Defendants' Motion to Stay.  As the Court noted in its November 20, 2007, Opinion and Order granting Plaintiff a permanent injunction, Plaintiff established it continues to lose sales and market share as a result of Defendants' sales of the infringing product.  The Court, therefore, concludes Plaintiff would be substantially harmed by a stay of the permanent injunction in this matter.

Accordingly, in the exercise of its discretion, the Court denies Defendants' Motion to Stay.

7 - OPINION AND ORDER

**CONCLUSION**

For these reasons, the Court **DENIES** Defendants' Motion for Stay of Injunctive Relief Pending Appeal (#259).

IT IS SO ORDERED.

DATED this 28th day of November, 2007.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

8 - OPINION AND ORDER